Nash, C. J.
 

 The action cannot be sustained ; To support an action of detinue, the plaintiff- must have the right of property in the thing claimed, and also the present right of possession. A bailor may sustain the action, because he has a special right of property,' and the right of present possession. The case discloses that the mother of the slave sued belonged to the plaintiff in the year 1826, when she''intermarried with Thomas O’Neal. Before the intermarriage, articles of agreement were entered into by tire parties, and in pursuance of them, the mother of the slave, Henry, sued for, together with other property, was conveyed to trustees for the use and benefit of Thomas O’Neal and his wife, the.plaintiff, and after their death, for their children. O’Neal died in the year 1849, in possession of-the slaves, and his widow continued in the possession' of Henry until'he passed into that of the defendant/ The sole-question -is, in whom is the right to bring the action ? The plaintiff relies on her possession, as sufficient to entitle her to a recovery of the slave, against a mere wrongdoer. It is true such a possession will, in general, support an action of
 
 Trover
 
 against one, who, without right or title, converts the property to his own use: such was'the case in
 
 Amory
 
 v. Delamire, 1 Stra. 505 : the jewel was lost and found by the plaintiff, the,owner being unknown: in which case the presumption is that the right is with the possession. But if it appear on the trial that the plaintiff, although in possession, is not in fact the owner, and that the property belongs to a third party, who is known, the presumption of title, inferred from the possession, .is rebutted. It would be manifestly wrong to allow the plaintiff in such a case to recover the value of the property; for the real owner may immediately recover the value against the defendant, and the former judgment would be no defence:
 
 Barwick
 
 v. Barwick, 11 Ire. Rep. 80.
 

 In the case in Strange, the jewel was lost and found and the
 
 *170
 
 owner was unknown. Here the slave was neither lost nor found, and the legal owner was known. Mr. Walker, one of the trustees, was alive aud his interest in the slave was known — the legal title was in him.
 

 In reply it is shown that Mr. Walker had released all his right, title and interest in and to the slave in controversy, to the plaintiff. Without inquiring into the effect of this conveyance, as it touches the legal title to the slave, it can have no effect upon the question now before us. The deed was executed in 1854, and this action was commenced in 1850. At the time when the action was brought, the legal title was not in the plaintiff, but in Mr. Walker, who, as the surviving trustee, was alone competent to bring the action. Iiis Honor committed no error.
 

 Pee Curiam. Judgment affirmed.